NO. 07-11-0238-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

MAY 11, 2012

_____

MICKEY BURCHFIELD, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 154TH DISTRICT COURT OF LAMB COUNTY;

NO. 4635; HONORABLE FELIX KLEIN, JUDGE

_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Following a plea of not guilty, Appellant, Mickey Burchfield, was convicted by a jury of murder[1] with an affirmative finding on use of a deadly weapon. Punishment was assessed by the trial court at sixty-five years confinement. In presenting this appeal,

---

[1]Tex. Penal Code Ann. § 19.02 (West 2011).

counsel has filed an *Anders*[2] brief in support of a motion to withdraw. We grant counsel's motion and affirm.

In support of his motion to withdraw, counsel certifies he has conducted a conscientious examination of the record and, in his opinion, the record reflects no potentially plausible basis to support an appeal. *Anders v. California*, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex.Crim.App. 2008). Counsel candidly discusses why, under the controlling authorities, the appeal is frivolous. *See High v. State*, 573 S.W.2d 807, 813 (Tex.Crim.App. 1978). Counsel has demonstrated that he has complied with the requirements of *Anders* and *In re Schulman* by (1) providing a copy of the brief to Appellant, (2) notifying him of his right to file a pro se response if he desired to do so, and (3) informing him of his right to file a pro se petition for discretionary review. *In re Schulman*, 252 S.W.3d at 408.[3] By letter, this Court granted Appellant an opportunity to exercise his right to file a response to counsel's brief, should he be so inclined. *Id.* at 409 n.23. Appellant did not file a response. Neither did the State favor us with a brief.

Appellant was indicted for intentionally or knowingly causing the death of Ronald Bures on or about July 31, 2009. The two men met in Lubbock and had been friends for a very short time. Just days prior to the commission of the offense, Appellant, the victim

---

[2]*Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

[3]Notwithstanding that Appellant was informed of his right to file a pro se petition for discretionary review upon execution of the *Trial Court's Certification of Defendant's Right of Appeal*, counsel must comply with Rule 48.4 of the Texas Rules of Appellate Procedure which provides that counsel shall within five days after this opinion is handed down, send Appellant a copy of the opinion and judgment together with notification of his right to file a pro se petition for discretionary review. *In re Schulman*, 252 S.W.3d at 408 n.22 & at 411 n.35.

and a third man, a friend of the victim's, moved into a farmhouse owned by Appellant's family where they could reside rent-free. The house was located in the small community of Spade. The plan was for the victim, who was the only one with a vehicle, to transport the men where they needed to go. Appellant had engaged in day labor while in Lubbock; otherwise the men were not employed. They spent their time drinking and playing cards.

Not long after moving into the house, on the morning of July 31, 2009, the men drank heavily and according to the evidence, the victim and his friend began arguing in the kitchen. The arguing then led to Appellant and the victim engaging in a physical altercation which resulted in Appellant cutting both sides of the victim's neck with a knife.[4] According to Appellant, he ordered both men out of his house and he went to the bathroom. The victim then asked his friend to drive him to the hospital to have the injuries to his neck treated. When Appellant came out of the bathroom he noticed the door from the house to the garage was open and went outside.

Appellant's version of the events is that the victim, a much larger man than himself, came at him and he picked up a grub hoe to defend himself. He testified that he struck the victim about the face and head with the hoe three or four times. After the altercation, Appellant drove to a friend's house which was located approximately a mile and a half away. The friend testified that she had known Appellant all her life and that he claimed to have killed someone. Appellant left and she called the Lamb County Sheriff's Department to report the crime.

---

[4]Appellant claimed that the victim initially came at him with a baseball bat.

Appellant returned to the farmhouse and decided to hide the victim's body. With assistance from the victim's friend, they attempted to put the body in the car but were unable to lift him due to his size. Appellant decided to tie the body to the car, and he and the victim's friend dragged it to a nearby ravine and disposed of it.

Unbeknownst to Appellant, the Hale County Sheriff's Department had received a call about a suspicious vehicle dragging something. Deputies were dispatched to Appellant's house to investigate. Appellant and the victim's friend were in the processing of cleaning up the crime scene. A Texas Ranger was also dispatched to the farmhouse later that evening for the purpose of interviewing Appellant. After being properly admonished, Appellant willingly spoke with the Ranger for approximately forty to fifty minutes. He confessed to killing the victim but continuously claimed that he acted in self-defense. However, Appellant showed no defensive wounds on his hands or body.

Appellant testified at trial and was cross-examined about inconsistent statements he gave prior to trial. Even though the trial court submitted instructions on the defensive theory of self-defense, the jury rejected that theory and found him guilty of murder.

By the *Anders* brief, counsel raises a plausible ground for appeal regarding error potentially committed during the State's opening argument. He asserts the State's argument exceeded the purpose of article 36.01 of the Texas Code of Criminal Procedure which provides that the prosecutor "shall state to the jury the nature of the accusation and the facts which are expected to be proved . . . ." Specifically, the prosecutor referred to the court's charge and a possible instruction on the juror's roles

4

as sole judges of the credibility of the witnesses. However, he concludes that because no objection was raised, any potential argument is not preserved for review. *See* Tex. R. App. P. 33.1(a).

We have independently conducted a diligent examination of the entire record to determine whether there are any non-frivolous issues which might support the appeal including voir dire, pretrial motions, the trial proceedings, Appellant's statements, closing arguments, the jury charge and sentencing. *See Penson v. Ohio*, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); *In re Schulman*, 252 S.W.3d at 409; *Stafford v. State*, 813 S.W.2d 503, 511 (Tex.Crim.App. 1991). We have found no such issues. *See Gainous v. State*, 436 S.W.2d 137 (Tex.Crim.App. 1969). After reviewing the record and counsel's brief, we agree with counsel that there are no plausible grounds for appeal. *See Bledsoe v. State*, 178 S.W.3d 824 (Tex.Crim.App. 2005).

Accordingly, counsel's motion to withdraw is granted and the trial court's judgment is affirmed.

Patrick A. Pirtle
Justice

Do not publish.

5